■ Susanne Greis, Plaintiff, v Eckerd Corporation, Appellant, and Mandarin Realty Company, Respondent, et al., Defendant. [864 NYS2d 147]—

In an action to recover damages for personal injuries, the defendant Eckerd Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 9, 2007, as granted that branch of the motion of the defendant Mandarin Realty Company which was for summary judgment dismissing the cross claims of the defendant Eckerd Corporation insofar as asserted against the defendant Mandarin Realty Corporation.

Ordered that order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Mandarin Realty Company which was for summary judgment dismissing the cross claims of the defendant Eckerd Corporation insofar as asserted against it is denied.

The plaintiff allegedly slipped and fell on snow on a ramp leading to a store of the defendant Eckerd Corporation (hereinafter Eckerd). The store was located within a shopping center owned by the defendant Mandarin Realty Company (hereinafter

Mandarin). The ramp was located within the sidewalk abutting the rear of the store.

Mandarin moved for summary judgment, inter alia, dismissing the cross claims asserted against it by Eckerd, contending it was an out-of possession landlord that had surrended possession and control of the premises. In the order appealed from, the Supreme Court granted the motion. We reverse the order insofar as appealed from.

The copy of the lease submitted by Mandarin in support of its motion for summary judgment failed to establish, as a matter of law, that it was an out-of-possession landlord. In one provision the lease states, inter alia, that Eckerd was "responsible for the removal of snow and ice from sidewalks immediately in front of and to the rear of the Demised Premises." However, the description of the demised premises contained in the lease did not include the sidewalks abutting the front and the rear of the building. Furthermore, in another lease provision, Mandarin agreed to repair and maintain the common areas in a reasonably safe condition and to keep the common areas free of "snow, ice, water, rubbish and other obstructions," and the lease described the term "common areas" as "any and all parking areas, roads, streets, drives, *passageways, sidewalks*, landscaped areas, walkways, entrances and exits" (emphasis added).

Under these circumstances, a triable issue of fact exists as to whether, pursuant to the lease, Mandarin was an out-of-possession landlord. Thus, Mandarin failed to establish, prima facie, its entitlement to judgment as a matter of law regarding that branch of its motion which was for summary judgment dismissing the cross claims asserted against it by Eckerd, and that branch of its motion should have been denied (*see Deerr'Matos v Ulysses Upp, LLC*, 52 AD3d 645 [2008]; *Polatsek v Congregation Bais Arye*, 48 AD3d 438 [2008]; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.