■ BYRON CASTILLO, Appellant, v AMJACK LEASING CORP., Defendant, and ROCHRIS REAL ESTATE CORP., Respondent. [924 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered April 28, 2010, which granted the motion of the defendant Rochris Real Estate Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was employed as a construction worker by nonparty Reno Concrete Corp. (hereinafter Reno). Reno stored its trucks and materials at a parking lot and yard owned by the defendant Rochris Real Estate Corp. (hereinafter Rochris). On March 27, 2008, a Reno employee, while operating a Reno truck in reverse in the parking lot, struck the plaintiff, who was walking behind the truck. The plaintiff allegedly sustained personal injuries as a result of the accident.

The plaintiff commenced this action against, among others, Rochris, alleging, inter alia, that Rochris negligently designed and managed the parking lot. Rochris moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that any alleged negligence on its part did not proximately cause the plaintiff's accident, but rather, that the sole proximate cause of the accident was the negligence of the Reno employee who was driving the truck involved in the accident. The Supreme Court granted the motion. The plaintiff appeals, and we affirm.

Although the issue of proximate cause is generally one for the finder of fact (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]), "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (*Ely v Pierce*, 302 AD2d 489, 489 [2003]; *see Saviano v City of New York*, 5 AD3d 581

[2004]). Here, Rochris' parking lot merely furnished the occasion for the accident, and any alleged negligence in its design or management did not proximately cause the accident. The evidence proffered by Rochris established, prima facie, that the sole proximate cause of the accident was the negligence of the truck driver in failing to use a lookout when backing up the truck in the parking lot, as he had done on prior occasions, including on the day of the accident (*see Margolin v Friedman*, 43 NY2d 982, 983 [1978]; *Rodriguez v Hernandez*, 37 AD3d 809, 810 [2007]; *Sprague v State of New York*, 35 AD3d 843, 844 [2006]; *LaSpina v City of New York*, 22 AD3d 528, 529 [2005]; *Comolli v 81 & 13 Cortland Assoc.*, 285 AD2d 863 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted Rochris' motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.