■ TAHJI RATTRAY, an Infant, by Her Mother and Natural Guardian, RAUSHANAH WILSON, et al., Appellants, v CITY OF NEW YORK, Respondent. [997 NYS2d 707]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings

County (Ash, J.), entered May 1, 2013, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On August 28, 2010, the infant plaintiff, Tahji Rattray, who was 11 years old at the time, was riding her aunt's bicycle on a paved pedestrian path in Fort Greene Park, which was owned and maintained by the defendant, City of New York. As the infant plaintiff came down a hill on the paved pedestrian path, she tried to turn in order to stay on the path, but the bicycle would not turn, and she lost control of it. As she passed the turn, the infant plaintiff tried to use the hand brakes on the bicycle, which did not work. She also tried to stop the bicycle by placing her foot on the ground, but she was unsuccessful. After leaving the paved pedestrian path, she continued over an area covered by dirt and grass, went over a retaining wall, and fell onto the sidewalk approximately five feet below.

The infant plaintiff, by her mother, and her mother suing derivatively, commenced this action to recover damages for personal injuries, alleging that the defendant negligently maintained the property. Specifically, the plaintiffs contended that the defendant's failure to erect a fence or barrier atop the retaining wall rendered the retaining wall dangerous. The defendant moved for summary judgment dismissing the complaint, arguing that the sole proximate cause of the accident was the infant plaintiff's loss of control of her bicycle. The plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion.

Although the issue of proximate cause is generally one for the finder of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]), "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Ely v Pierce, 302 AD2d 489, 489 [2003]; see Margolin v Friedman, 43 NY2d 982 [1978]; Castillo v Amjack Leasing Corp., 84 AD3d 1298 [2011]; Saviano v City of New York, 5 AD3d 581 [2004]).

Here, the evidence submitted in support of the defendant's motion, which included a transcript of the deposition testimony of the infant plaintiff, demonstrated that the accident was proximately caused by the infant plaintiff's failure to control her bicycle and the failure of the bicycle's brakes (see Margolin v Friedman, 43 NY2d at 983). The retaining wall, which was erected a considerable distance from the portion of the paved

pedestrian path from which the infant plaintiff deviated, merely furnished the condition or occasion for the infant plaintiff's accident, and was not one of its causes (*see id.*; *Castillo v Amjack Leasing Corp.*, 84 AD3d at 1299). Any alleged negligence in the design, maintenance, or management of the retaining wall did not proximately cause the subject accident (*see Castillo v Amjack Leasing Corp.*, 84 AD3d at 1299). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law on its motion, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.