■ Erin Rubano et al., as Coadministrators of the Estate of Maureen M. Eadry, Also Known as Maureen Eadry, Deceased, Appellants, v Marie Farina, Defendant, and Central Hudson Gas & Electric Corporation et al., Respondents. [1 NYS3d 839]—

In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated August 20, 2013, as granted that branch of the motion of the defendants Central Hudson Gas & Electric Corporation and JBL Electric, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' decedent was struck and killed by a vehicle driven by the defendant Marie Farina on Park Place in Newburgh. On the date of the accident, employees of the defendant JBL Electric, Inc. (hereinafter JBL Electric), a contractor retained by the defendant Central Hudson Gas & Electric Corporation (hereinafter Central Hudson), were on Park Place repairing a broken utility pole and downed power lines. The accident occurred when Farina, after striking several orange road cones that were placed next to a utility truck, drove her vehicle in reverse and struck the decedent. The plaintiffs commenced this action against Farina, Central Hudson, and JBL Electric to recover damages for personal injuries and wrongful death. Central Hudson and JBL Electric moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them. In an order dated August 20, 2013, the Supreme Court granted the motion. The plaintiffs appeal, and we affirm the order insofar as appealed from.

Proximate cause is generally an issue for the finder of fact, except that "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (*Ely v Pierce*, 302 AD2d 489, 489 [2003]; *see Margolin v Friedman*, 43 NY2d 982, 983 [1978]; *Castillo v Amjack Leasing Corp.*, 84 AD3d 1298, 1298-1299 [2011]). Here, Central Hudson and JBL Electric established their prime facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the sole proximate cause of the accident was Farina's negligent operation of her vehicle (*see Margolin v Friedman*, 43 NY2d at 983; *Castillo v Amjack Leasing Corp.*, 84 AD3d at 1299). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Castillo v Amjack Leasing Corp.*, 84 AD3d at 1299). Accordingly, the Supreme Court properly granted that branch of the

motion of Central Hudson and JBL Electric which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.