■ ERNEST REECE, as Administrator of the Estate of ARTHUR WILLIAM REECE, Deceased, Respondent, v J.D. POSILLICO, INC., et al., Defendants, and WILEY ENGINEERING, P.C., Appellant. (And a Third-Party Action.) [14 NYS3d 908]—In a consolidated action, inter alia, to recover damages for wrongful death, etc., the defendant Wiley Engineering, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated September 23, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Wiley Engineering, P.C., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The Court of Appeals has recognized three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Here, the only excep-

tion alleged in the pleadings with respect to the defendant Wiley Engineering, P.C. (hereinafter Wiley), was that Wiley launched a force or instrument of harm (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Therefore, in moving for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, Wiley was only required to address this exception by demonstrating, prima facie, that it did not launch a force or instrument of harm creating or exacerbating any allegedly dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Here, Wiley met its prima facie burden and, in opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Wiley's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The parties' remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.