■ Thomas Monopoli, as Executor of Leonard Monopoli, Deceased, Respondent, v Food Emporium, Inc., Defendant, and Oster Realty Corp., Appellant. [23 NYS3d 322]—

In an action to recover damages for personal injuries, the de-

fendant Oster Realty Corp. appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), dated September 25, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent allegedly slipped and fell on a patch of ice in front of a grocery store operated by the defendant Food Emporium, Inc. (hereinafter Food Emporium), which rented space in a shopping center owned by the defendant Oster Realty Corp. (hereinafter Oster). Oster moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it was an out-of-possession landlord that had surrendered possession and control of the premises. In the order appealed from, the Supreme Court denied the motion. We affirm.

Contrary to the plaintiff's contention, Oster demonstrated, prima facie, that the decedent slipped and fell on a ramp that descended from a sidewalk in front of Food Emporium's store to an adjacent parking lot controlled by Oster, and not in the parking lot. However, the copy of the lease submitted by Oster in support of its motion failed to establish, prima facie, that it was an out-of-possession landlord that had transferred possession and control of that ramp to Food Emporium. Although Food Emporium agreed in the lease, inter alia, "to keep the sidewalks [and] ramps . . . immediately adjoining the premises clean and free from all . . . snow and ice," it is not clear from the description of the leased premises which sidewalks and ramps were governed by that provision. Further, pursuant to another lease provision, Oster was responsible for "keeping the common area . . . free of snow [and] ice," and the lease described the "common area" as "all common facilities furnished by [Oster] in the shopping center . . . including but not limited to . . . all access roadways, service roads, *ramps,* landscaped areas, paved and parking areas within the shopping center" (emphasis added). Under these circumstances, Oster failed to establish that there are no triable issues of fact as to whether, pursuant to the lease, it was an out-of-possession landlord that had transferred possession and control of the area where the accident occurred to Food Emporium (*see Greis v Eckerd Corp.*, 54 AD3d 895, 895-896 [2008]; *Kyung Sook Park v Caesar Chemists*, 245 AD2d 425, 426 [1997]; *see also Polatsek v Congregation Bais Arye*, 48 AD3d 438, 438 [2008]; *Farrell v Prentice*, 206 AD2d 799 [1994]).

Nor did Oster establish its entitlement to summary judg-

ment on the alternative theory that it did not create or have actual or constructive notice of the alleged dangerous condition, since it failed to address those issues in its motion papers (*see Polatsek v Congregation Bais Arye*, 48 AD3d at 438; *see generally Sartori v JP Morgan Chase Bank, N.A.*, 127 AD3d 1157, 1157 [2015]).

Since Oster failed to make a prima facie showing in support of its motion for summary judgment, the motion was properly denied, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Polatsek v Congregation Bais Arye*, 48 AD3d at 438).

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.