■ NICHOLAS FEDERICO et al., Appellants, v DEFOE CORP., Respondent, et al., Defendant. [29 NYS3d 454]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Brown, J.),

entered April 28, 2014, as granted that branch of the motion of the defendant Defoe Corp. which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and (2) so much of an order of the same court entered September 17, 2014, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered April 28, 2014, is dismissed, as that order was superseded by the order entered September 17, 2014, made upon reargument; and it is further,

Ordered that the order entered September 17, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Defoe Corp.

On November 4, 2011, the plaintiff Nicholas Federico (hereinafter the injured plaintiff) was working as a laborer for nonparty El Sol Contracting (hereinafter El Sol) on a construction project near the Gowanus Expressway in Brooklyn. His job that day was to set up and take down traffic lane closures near the drawbridge on Hamilton Avenue, below the expressway. El Sol was working on the project pursuant to a contract with the New York State Department of Transportation (hereinafter the NYSDOT), which issued El Sol a work permit allowing it to close lanes of traffic to perform its work. Sometime after 3:00 p.m. on November 4, 2011, the injured plaintiff was picking up El Sol's lane closures on one side of the Hamilton Avenue drawbridge by himself, in violation of El Sol protocol and governmental regulation, which required such work to be done with a truck to shadow the worker and to act as a barrier between the worker and traffic. As he did so, he was struck by a vehicle operated by the defendant John C. DeLuca.

The injured plaintiff, and his wife suing derivatively, commenced this action against DeLuca and Defoe Corp. (hereinafter Defoe), a contractor that was also doing work on the Gowanus Expressway near the El Sol project pursuant to a separate contract with the NYSDOT. With respect to Defoe, the injured plaintiff alleged that Defoe removed its own lane closures on the other side of the Hamilton Avenue drawbridge, upon which El Sol "piggybacked" its own lane closures, without first advising El Sol, and that such removal was negligent, particularly since someone from Defoe had told the injured plaintiff that Defoe planned on staying on the job site sometime beyond the usual 3:00 p.m. quitting time. Defoe moved for summary judgment dismissing the complaint insofar as as-

serted against it, contending that it owed no duty of care to the injured plaintiff and, in any event, that its complained of conduct was not a proximate cause of the subject accident. In opposition, the injured plaintiff argued that Defoe owed him a duty of care pursuant to *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]) and its progeny, and that Defoe's breach of that duty was a proximate cause of the subject accident. The Supreme Court granted Defoe's motion and, upon reargument, adhered to its original determination.

To hold a defendant liable in common-law negligence, a plaintiff must show that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the injury (*see Ingrassia v Lividikos*, 54 AD3d 721 [2008]). The existence of a defendant's duty is a legal question to be determined by the court in the first instance (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). Even when no original duty is owed to the plaintiff, once a defendant undertakes to perform an act for the plaintiff's benefit, the act must be performed with due care for the safety of the plaintiff (*see Ruiz v Griffin*, 71 AD3d 1112 [2010]).

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 139). The Court of Appeals has recognized three exceptions to this general rule: (1) where the promisor, in failing to exercise reasonable care in the performance of its duties, creates an unreasonable risk of harm to others, or increases that risk, (2) where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see id.* at 140; *Reece v J.D. Posillico, Inc.*, 131 AD3d 596, 596-597 [2015]; *Timmins v Tishman Constr. Corp.*, 9 AD3d 62 [2004]).

While the issue of proximate cause is generally one for the finder of fact, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Castillo v Amjack Leasing Corp.*, 84 AD3d 1298 [2011]).

Here, Defoe met its prima facie burden of demonstrating that none of the *Espinal* exceptions were applicable to impose upon it a duty of care to the injured plaintiff and, in any event, that its complained of conduct was not a proximate cause of the subject accident but merely furnished the condition or occasion for the accident. In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of Defoe's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.