Liquori v Brown (2019 NY Slip Op 04156)





Liquori v Brown


2019 NY Slip Op 04156


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03283
 (Index No. 2393/16)

[*1]Robert S. Liquori, Jr., et al., plaintiffs-appellants,
v
James F. Brown, et al., defendants third-party plaintiffs-appellants, Huntington Plumbing Supply, Co., Inc., defendant third-party defendant-respondent.


Rand P. Schwartz, Massapequa Park, NY, for plaintiffs-appellants.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for defendants third-party plaintiffs-appellants.
McCarthy & Associates, Melville, NY (John A. Canton of counsel), for defendant third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, and the plaintiffs separately appeal, from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered January 10, 2018. The order, insofar as appealed from by the defendants third-party plaintiffs, granted those branches of the motion of the defendant third-party defendant which were for summary judgment dismissing the third-party complaint and all cross claims asserted against it. The order, insofar as appealed from by the plaintiffs, granted that branch of the motion of the defendant third-party defendant which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
On March 30, 2015, at approximately 8:48 a.m., the plaintiff Robert S. Liquori, Jr. (hereinafter the injured plaintiff), who was a pedestrian at the time, was struck by a vehicle owned by the defendant third-party plaintiff Harbor Landscaping Home Maintenance, Inc. (hereinafter Harbor), and operated by the defendant third-party plaintiff James F. Brown. The vehicle was backing into a loading dock in the parking lot of premises owned and operated by the defendant third-party defendant Huntington Plumbing Supply, Co., Inc. (hereinafter Huntington Plumbing). The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging that Brown and Harbor were negligent in, among other things, the ownership and operation of their vehicle, and that Huntington Plumbing was negligent in, among other things, the design and maintenance of the parking lot. Huntington Plumbing originally was brought into the action via a third-party action commenced against it by Brown and Harbor. Huntington Plumbing moved for summary judgment dismissing the amended complaint, the third-party complaint, and all cross claims insofar as asserted against it. The Supreme Court granted the motion. Brown and Harbor appeal from so much of the order as granted those branches of Huntington Plumbing's motion which were for summary judgment dismissing the third-party [*2]complaint and all cross claims asserted against it. The plaintiffs separately appeal from so much of the order as granted that branch of Huntington Plumbing's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
To sustain the burden of proving a prima facie case of proximate cause, "the plaintiff in a negligence action must generally show that the defendant's negligence was a substantial cause of the events which produced the injury'" (Lapidus v State of New York, 57 AD3d 83, 94, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). "Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Scala v Scala, 31 AD3d 423, 424). Although the issue of proximate cause is generally one for the finder of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d at 315), "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Ely v Pierce, 302 AD2d 489, 489; see Federico v Defoe Corp., 138 AD3d 682, 684; Castillo v Amjack Leasing Corp., 84 AD3d 1298).
Here, the only basis for liability against Huntington Plumbing is the allegation that the premises were improperly designed and maintained. The evidence submitted in support of Huntington Plumbing's motion, which included the deposition testimony of the injured plaintiff and Brown, demonstrated that the subject accident was proximately caused by Brown's admitted failure to see the injured plaintiff as he backed his vehicle toward the loading dock. The premises merely furnished the condition or occasion for the occurrence of the accident and was not one of its causes (see Margolin v Friedman, 43 NY2d 982, 983; Sheehan v City of New York, 40 NY2d 496, 503; Rattray v City of New York, 123 AD3d 688, 689; Castillo v Amjack Leasing Corp., 84 AD3d at 1299). Therefore, any alleged negligence in the design or maintenance of the premises did not proximately cause the accident (see Margolin v Friedman, 43 NY2d at 983; Rattray v City of New York, 123 AD3d at 690; Castillo v Amjack Leasing Corp., 84 AD3d at 1299). In opposition, neither the plaintiffs nor Brown and Harbor raised a triable issue of fact.
Brown and Harbor's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant Huntington Plumbing's motion for summary judgment dismissing the amended complaint, the third-party complaint, and all cross claims insofar as asserted against it.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court