Bernal v ACS Sys. Assoc., Inc. (2021 NY Slip Op 04691)





Bernal v ACS Sys. Assoc., Inc.


2021 NY Slip Op 04691


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12696
 (Index No. 3899/14)

[*1]Anna Bernal, appellant, 
v
ACS System Associates, Inc., et al., respondents, et al., defendants.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez and Boris Bernstein of counsel), for appellant.
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York, NY (James Freire, Erdal Turnacioglu, and David Chaise of counsel), for respondent ACS System Associates, Inc.
Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for respondent Triton Construction Company, LLC.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent County Pneumatic Controls, Inc.
Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP, East Meadow, NY (Peter S. Samaan of counsel), for respondent JVN Restoration, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated October 25, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants ACS System Associates, Inc., Triton Construction Company, LLC, County Pneumatic Controls, Inc., and JVN Restoration, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant ACS System Associates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Triton Construction Company, LLC, County Pneumatic Controls, Inc., and JVN Restoration, Inc., payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendant ACS System Associates, Inc.
On July 25, 2011, the plaintiff, an employee of Freeport High School, allegedly sustained injuries when she was struck by pipes from a disassembled scaffold while at her place of employment. At the time of the accident an HVAC replacement project was underway in the Freeport High School building. The defendant Triton Construction Company, LLC (hereinafter [*2]Triton), was the construction manager for the HVAC replacement project. The defendant ACS System Associates, Inc. (hereinafter ACS), was the general contractor, and the defendants County Pneumatic Controls, Inc. (hereinafter County Pneumatic), and JVN Restoration, Inc. (hereinafter JVN), were subcontractors performing work related to the HVAC replacement project.
The plaintiff commenced this action to recover damages for her alleged personal injuries against, among others, the above-mentioned defendants, alleging negligence. ACS, Triton, County Pneumatic, and JVN separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order entered October 26, 2017, the Supreme Court, inter alia, granted those branches of the separate motions of ACS, Triton, County Pneumatic, and JVN. The plaintiff appeals.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (id. at 140). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. [citations and internal quotation marks omitted]; see Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 543).
The Supreme Court properly granted those branches of the separate motions of County Pneumatic and JVN which were for summary judgment dismissing the complaint insofar as asserted against each of them. County Pneumatic and JVN demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that they did not launch a force or instrument of harm creating or exacerbating the alleged dangerous condition, and thus, did not owe a duty of care to the plaintiff (see Barone v Nickerson, 140 AD3d 1100, 1102; Reece v J.D. Posillico, Inc., 131 AD3d 596, 597). In opposition to those defendants' prima facie showings, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of Triton's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Triton met its prima facie burden of demonstrating that none of the Espinal exceptions were applicable to impose upon it a duty of care to the plaintiff (see Federico v Defoe Corp., 138 AD3d 682, 684). In opposition to Triton's prima facie showing, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court erred in granting that branch of ACS's motion which was for summary judgment dismissing the complaint insofar as asserted against it. ACS failed to sustain its initial burden of demonstrating, prima facie, that the first Espinal exception was inapplicable. The deposition testimony and affidavit of ACS's project manager, upon which it relied, were insufficient to demonstrate the absence of triable issues of fact as to whether ACS created the alleged dangerous condition (see Greenstein v R & R of G.C., Inc., 50 AD3d 637, 638). Since ACS failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court