Hanna v Valenti (2023 NY Slip Op 01280)

Hanna v Valenti

2023 NY Slip Op 01280

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-03553
 (Index No. 702972/16)

[*1]Marina N. Hanna, etc., appellant, 
v
Louis Valenti, et al., defendants, JVB Associates, L.P., respondent (and a third-party action).

Glenn M. Race, New York, NY (Louis A. Badolato of counsel), for appellant.
Andrea G. Sayers, Melville, NY (Scott W. Driver of counsel), for respondent.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Joseph A. Materazo of counsel), for third-party defendant.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered March 17, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant JVB Associates, L.P., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 25, 2014, Alexandre Pougatchev (hereinafter the decedent) was struck and killed by a vehicle operated by the defendant Louis Valenti. The accident occurred on a sidewalk in front of a commercial building owned by the defendant JVB Associates, L.P. (hereinafter JVB), and leased to Pro Pump Corp. (hereinafter Pro Pump). The decedent and Valenti were both employees of Pro Pump. At his deposition, Valenti testified that he and other employees of Pro Pump would regularly park their vehicles on the sidewalk in front of the subject building. He further testified that on the day of the accident, his vehicle was parked on the sidewalk, and as he put his vehicle into drive, it suddenly accelerated and struck the decedent.
In March 2016, the plaintiff, the decedent's wife, as administrator of the decedent's estate and individually, commenced this action against, among others, JVB, inter alia, to recover damages for personal injuries and wrongful death. The complaint alleged that JVB was negligent in permitting vehicles to park on the sidewalk in front of its building. JVB moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
JVB failed to demonstrate, prima facie, that it did not own the subject sidewalk (see Rodriguez v City of New York, 12 AD3d 282, 282). Furthermore, JVB failed to establish, prima facie, that it was an out-of-possession landlord with no duty to maintain the subject sidewalk (see Monopoli v Food Emporium, Inc., 135 AD3d 716, 717; Elsayed v Al Farha Corp., 132 AD3d 942, [*2]942; Greis v Eckerd Corp., 54 AD3d 895, 896).
Nevertheless, JVB established its prima facie entitlement to judgment as a matter of law by demonstrating that permitting vehicles to park on the sidewalk in front of its building was not a proximate cause of the decedent's injuries and death. "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (White v Adom Rental Transp., Inc., 150 AD3d 938, 939). "Although the issue of proximate cause is generally one for the finder of fact, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868, 869 [internal quotation marks omitted]). Here, the evidence submitted by JVB, which included Valenti's deposition testimony, demonstrated that the accident was proximately caused by the sudden acceleration of Valenti's vehicle and Valenti's inability to control his vehicle. The fact that Valenti's vehicle was parked on the sidewalk merely furnished the condition or occasion of the accident and was not one of its causes (see Liquori v Brown, 172 AD3d 1354; Dawkins v Mastrangelo, 137 AD3d 739, 740; Rubano v Farina, 125 AD3d 836; Iqbal v Thai, 83 AD3d 897, 898; Grandy v Bavaro, 134 AD2d 957).
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of JVB's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court