Castillo v Unique Roofing of N.Y., Inc. (2023 NY Slip Op 03675)

Castillo v Unique Roofing of N.Y., Inc.

2023 NY Slip Op 03675

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-04634
 (Index No. 509923/18)

[*1]Nereida Castillo, respondent, 
v
Unique Roofing of New York, Inc., et al., defendants, J.B. Hunt Transport, Inc., et al., appellants.

Rawle & Henderson, LLP, New York, NY (Gabriel A. Arevalo and Anthony D. Luis of counsel), for appellants.
Koenigsberg & Associates, P.C. (Paul K. Koenigsberg and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants J.B. Hunt Transport, Inc., Andre Omar Robinson, and C & S Wholesale Grocers, Inc., appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 22, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing all affirmative defenses alleging comparative negligence of the defendants J.B. Hunt Transport, Inc., Andre Omar Robinson, and C & S Wholesale Grocers, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2018, the plaintiff was employed with nonparty Halo Event Group as a delivery person, when she allegedly was injured in a motor vehicle accident. The plaintiff had double-parked her employer's box truck in front of a building located in Manhattan, when it was struck in the rear by a truck owned by the defendant Unique Roofing of New York, Inc. (hereinafter Unique Roofing), and operated by the defendant Humberto A. Barrantes. When the impact occurred, the plaintiff was in the rear of the box truck sorting packages for delivery in the immediate area. The plaintiff alleges that immediately prior to the accident, the Unique Roofing vehicle tried to avoid a collision with a tractor-trailer, which was operated by the defendant Andre Omar Robinson. The tractor portion of the tractor-trailer allegedly was owned by the defendant J.B. Hunt Transport, Inc., while the trailer portion allegedly was owned by the defendant C & S Wholesale Grocers, Inc.
The plaintiff commenced two separate personal injury actions, which were subsequently consolidated into the instant action. Thereafter, the plaintiff moved, inter alia, for summary judgment dismissing all affirmative defenses alleging comparative negligence. By order entered June 22, 2021, the Supreme Court granted that branch of the plaintiff's motion and dismissed all affirmative defenses alleging comparative negligence. Robinson, J.B. Hunt Transport, Inc. and C & S Wholesale Grocers, Inc. (hereinafter collectively the tractor-trailer defendants) appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of [*2]liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312; Marazita v City of New York, 202 AD3d 951). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case against a defendant on the issue of that defendant's liability (see Rodriguez v City of New York, 31 NY3d at 312; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813; see e.g. Poon v Nisanov, 162 AD3d 804). "[However], the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative negligence" (Ramirez v Wangdu, 195 AD3d 646, 646; see Sebagh v Capital Fitness, Inc., 202 AD3d 853; Poon v Nisanov, 162 AD3d at 808). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Sage v Taylor, 195 AD3d 971; Gobin v Delgado, 142 AD3d 1134, 1135).
There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427), and the issue of comparative negligence is generally a question for the jury to decide (see Wiessner v Phillips, 201 AD3d 776, 777; Calderon v Cruzate, 175 AD3d 644, 648). However, "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Ely v Pierce, 302 AD2d 489, 489; see Federico v Defoe Corp., 138 AD3d 682, 684; Castillo v Amjack Leasing Corp., 84 AD3d 1298).
Here, the plaintiff established, prima facie, that she was not at fault in the happening of the subject accident (see 34 RCNY 4-08[f][1]; cf. Brito v RDJ Express Transp., 135 AD3d 651; Pickett v Verizon N.Y. Inc., 129 AD3d 641; Gonzalez v Ceesay, 98 AD3d 1078, 1079; see also Colletti v City of New York, 208 AD3d 749, 751). In opposition, the tractor-trailer defendants failed to raise a triable issue of fact.
The tractor-trailer defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court