Husbands v City of New York (2024 NY Slip Op 04126)

Husbands v City of New York

2024 NY Slip Op 04126

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-04364
 (Index No. 502632/19)

[*1]Lauren Husbands, plaintiff, Roselyn Brizan, appellant,
v
City of New York, et al., respondents.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Gil Zohar and Jason Matuskiewicz of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Roselyn Brizan appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated January 25, 2023. The order denied that plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the plaintiff Roselyn Brizan which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct insofar asserted against her, and substituting therefor a provision granting that branch of that plaintiff's motion; as so modified, the order is affirmed, with costs to the appellant.
The plaintiff Roselyn Brizan was a front-seat passenger in a vehicle operated by her daughter, the plaintiff Lauren Husbands, when the vehicle was involved in an accident with a sanitation truck operated by an employee of the New York City Department of Sanitation. The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained as a result of the accident. In their answer, the defendants asserted affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct on the part of the plaintiffs. Brizan moved for summary judgment on the issue of liability and dismissing those affirmative defenses insofar as asserted against her. By order dated January 25, 2023, the Supreme Court denied the motion. Brizan appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Quintero v Boyle, 221 AD3d 925, 926 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312). Plaintiffs are no longer required to show freedom from comparative fault in establishing their prima facie case against a defendant on the issue of that defendant's liability (see Rodriguez v City of New York, 31 NY3d at 312; Castillo v Unique Roofing of N.Y., Inc., 218 AD3d 432, 433). However, "[i]f the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an [*2]innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Guido v Dagnese, 214 AD3d 715, 717).
Here, the Supreme Court properly denied that branch of Brizan's motion which was for summary judgment on the issue of liability. Brizan's submissions included divergent accounts as to how the accident occurred, including a statement by the defendant driver that the plaintiffs' vehicle struck the sanitation truck while the truck was stopped. Thus, Brizan failed to demonstrate, prima facie, that the defendant driver was negligent in the happening of the accident (see Guido v Dagnese, 214 AD3d at 717; Phillip v D & D Carting Co., Inc., 136 AD3d at 24).
However, the Supreme Court should have granted that branch of Brizan's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct insofar as asserted against her. The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (see CPLR 3212[g]; Ochoa v Townsend, 209 AD3d at 868; Romain v City of New York, 177 AD3d 590, 591; Phillip v D & D Carting Co., Inc., 136 AD3d at 24). Brizan demonstrated, prima facie, that she did not engage in any culpable conduct that contributed to the happening of the accident (see Ochoa v Townsend, 209 AD3d 867, 868). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Brizan's remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court