Brinkley v STD Trucking Corp. (2025 NY Slip Op 04080)

Brinkley v STD Trucking Corp.

2025 NY Slip Op 04080

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-03768
 (Index No. 500215/17)

[*1]Ryan Brinkley, appellant, 
v
STD Trucking Corp., et al., defendants, ZDG, LLC, respondent.

Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, Kenneth J. Gorman, and Jillian Rosen], of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order the Supreme Court, Kings County (Reginald A. Boddie, J.), dated May 4, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant ZDG, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2016, the plaintiff, who was operating a motorcycle northbound on Kent Avenue just past its intersection with South 9th Street in Brooklyn, was involved in a collision with a box truck operated by the defendant Adrian DeJesus and owned by the defendant STD Trucking Corp. (hereinafter STD Trucking), which was traveling in the same direction. Prior to the collision, the left front tire of the STD Trucking vehicle came into contact with a concrete Jersey barrier that was placed on Kent Avenue pursuant to permits issued by the New York City Department of Transportation. At the time of the accident, the Jersey barrier at issue was one of many placed in connection with an ongoing construction project at 416 Kent Avenue and 420 Kent Avenue, and was owned by the defendant ZDG, LLC (hereinafter ZDG), the construction manager for the construction project.
The plaintiff commenced this action to recover damages for personal injuries against ZDG, among others, alleging, inter alia, that ZDG was negligent in placing the Jersey barriers in front of 416 Kent Avenue and 420 Kent Avenue, thereby creating a hazardous condition that contributed to the accident.
After discovery was complete, ZDG moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. It contended, inter alia, that the proximate causes of the accident were the actions and/or omissions of the plaintiff and DeJesus, and not the type of Jersey barriers used or their placement. It further contended that, at most, the placement of the Jersey barriers merely furnished the occasion or condition for the accident, but was not one of its causes. By order dated May 4, 2020, the Supreme Court, among other things, granted that branch of ZDG's motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden [*2]of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Enriquez v Joseph, 169 AD3d 1008, 1008-1009, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). There can be more than one proximate cause of an accident (see Riccio v Kid Fit, Inc., 126 AD3d 873; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974). However, the issue of proximate cause "may be decided as a matter of law where only one conclusion may be drawn from the facts" (Nesbitt v Gallant, 149 AD3d 763, 764; see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889). To sustain the burden of proving a prima facie case of proximate cause, "the plaintiff in a negligence action 'must generally show that the defendant's negligence was a substantial cause of the events which produced the injury'" (Lapidus v State of New York, 57 AD3d 83, 94, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). "'[L]iability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes'" (McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868, 869 [internal quotation marks omitted], quoting Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298; see Hain v Jamison, 28 NY3d 524, 530; Rattray v City of New York, 123 AD3d 688, 689).
Contrary to the plaintiff's contention, the Supreme Court properly concluded that ZDG established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. ZDG demonstrated that the collision was proximately caused by the plaintiff and DeJesus driving in the same lane of traffic. The type of Jersey barrier, and its placement, merely furnished the condition or occasion for the accident but was not one of its causes (see Hanna v Valenti, 214 AD3d 772, 773; Chulpayeva v 109-01 Realty Co., LLC, 170 AD3d 798, 799; Faust v Gerde, 150 AD3d 1204). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted that branch of ZDG's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court