Aydiner v Quijije (2025 NY Slip Op 05489)

Aydiner v Quijije

2025 NY Slip Op 05489

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-11620
 (Index No. 900392/21)

[*1]Sinan Aydiner, respondent, 
v
Hugo U. Quijije, et al., defendants, G4S Secure Solutions (USA), Inc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Tarver Law Firm, P.C., Mineola, NY (Terrence L. Tarver of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant G4S Secure Solutions (USA), Inc., appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered October 7, 2024. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the defendant G4S Secure Solutions (USA), Inc., (hereinafter G4S), alleging that G4S was liable under different theories of negligence for acts of sexual assault perpetrated against him as a child. The plaintiff alleged that in 1990 and 1991, he was sexually assaulted on multiple occasions by two employees of the defendant Aramark Services, Inc. (hereinafter Aramark), while visiting establishments at which Aramark provided facilities services. The plaintiff further alleged that he promptly reported the first instance of sexual assault to a security officer named Charles Parker, an alleged employee of G4S's predecessor in interest, Wackenhut Corporation (hereinafter Wackenhut), which provided security services at the establishments during the time that the sexual assaults perpetrated by Aramark's employees took place, but that Parker took no action to report or otherwise prevent the assaults.
Following the completion of discovery, G4S moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among others, that Parker was employed by the defendant New York Racing Association, Inc., and not Wackenhut, at the time that the alleged sexual assaults took place. In an order entered October 7, 2024, the Supreme Court, among other things, denied that branch of G4S's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. G4S appeals.
The Supreme Court properly denied that branch of G4S's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. "The elements of a cause of action alleging common-law negligence are a duty owed by the [*2]defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate cause of the plaintiff's injury" (Melio v John T. Mather Mem. Hosp., 239 AD3d 725, 726 [internal quotation marks omitted]; see Solomon v City of New York, 66 NY2d 1026, 1027). "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Manfredonia v Babe Ruth League, Inc., 227 AD3d 693, 693 [internal quotation marks omitted]; see Bernal v ACS Sys. Assoc., Inc., 197 AD3d 603, 604). "As a general matter, 'such a duty may arise . . . where there is a relationship either between [the] defendant and a third-person tortfeasor that encompasses [the] defendant's actual control of the third person's actions, or between [the] defendant and [the] plaintiff that requires [the] defendant to protect [the] plaintiff from the conduct of others'" (Manfredonia v Babe Ruth League, Inc., 227 AD3d at 694 [internal quotation marks omitted], quoting Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494; see Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios, 232 AD3d 719, 720-721).
Here, contrary to G4S's contention, it failed to establish, prima facie, that Parker was not employed by Wackenhut during the time that the alleged sexual assaults perpetrated by Aramark's employees took place and, thus, that it did not owe a duty of care to the plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 327; Melio v John T. Mather Mem. Hosp., 239 AD3d at 726). Accordingly, the Supreme Court properly denied that branch of G4S's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 553).
G4S's remaining contentions are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court