■ MARCELINO COLON, Appellant, v H&B PLUMBING & HEATING, INC., et al., Respondents. MARCELINO COLON, Respondent-Appellant, v H&B PLUMBING & HEATING, INC., Appellant-Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [761 NYS2d 599] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about May 24, 2001, and order, same court (Gerald Esposito, J.), entered on or about March 13, 2002, which, in an action for personal injuries and wrongful death arising out of a residential fire, denied plaintiff's motion for summary judgment on the issue of liability, denied defendant plumbing contractor's motion for

summary judgment dismissing the complaint as against it, and granted defendant Consolidated Edison's (Con Ed) motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant defendant plumbing contractor's motion to dismiss the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of H&B Plumbing & Heating, Inc. dismissing the complaint as against it.

No issue of fact exists as to whether the fire was caused by a gas leak. Con Ed, responding to the third-floor tenant's complaint of a gas smell, shut off the gas to the third-floor apartment and advised plaintiff's father, the building owner, with whom plaintiff's decedents were staying, that a hazardous condition existed and that it would not turn the gas back on until the Buildings Department certified that a licensed plumber had made the necessary repairs. A few days later, defendant plumbing contractor removed and replaced the gas piping in the apartment and turned the gas back on without communicating with Con Ed or the Buildings Department. The fire occurred 12 days later. According to the investigating fire marshal, whose deposition and affidavit were submitted in support of the contractor's motion along with a corroborating expert's affidavit, gas had no role in the fire whatsoever. Rather, the fire, which originated in the second-floor apartment, was caused by a faulty refrigerator motor that overheated the refrigerator's wiring. This satisfied defendants' prima facie burden of showing entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, plaintiff relied mainly on the affidavit of his expert, who stated that the third-floor tenant told him that she again smelled gas after the contractor had completed its work and again contacted Con Ed, and that Con Ed returned to her apartment the day before the fire and determined that there was gas in the air, but left without doing anything. In addition, plaintiff submitted affidavits from building residents stating that they were awakened by a noise that sounded like an explosion. In reply, Con Ed submitted the affidavit of the third-floor tenant stating that she never smelled gas or called Con Ed or saw Con Ed in the building after the contractor had been to her apartment, and never told anyone to the contrary. The motion court held a hearing at which it heard plaintiff's expert and the third-floor tenant, after which it credited the third-floor tenant's testimony reiterating her affidavit and also stating that the hearing was the first time she had ever seen plaintiff's expert. The basis of plaintiff's expert's opinion was thus negated, reducing plaintiff's claim of a gas

leak to pure speculation (*see id.*). The contractor's conceded violations of various Building Code provisions, even if negligence per se (*but see Huerta v New York City Tr. Auth.*, 290 AD2d 33, 41 [2001], *appeal dismissed* 98 NY2d 643 [2002]), could not have contributed to the fire. Accordingly, we modify to dismiss the action as against the contractor as well as Con Ed. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.