KATHLEEN PRITCHARD, Plaintiff, v SUBURBAN CARTING CORP. et al., Defendants, McDONALD's CORPORATION et al., Respondents, and CENTRO GA CORTLANDT, LLC, Appellant. [934 NYS2d 460]—

The plaintiff allegedly was injured when she was struck by a garbage truck in the parking lot of a McDonald's restaurant after leaving the restaurant. At her deposition, she testified that she stood on the curb, in a landscaped area of the parking lot, and looked to her right and left before attempting to cross the lot to reach her car. Two-way traffic was permitted in this area of the parking lot. There were no crosswalks or other markings at this location. When the plaintiff looked to her left, she saw a garbage truck about two car lengths away. She testified at her deposition that the truck was not moving at the time. She stepped off the curb and took three or four steps before she was struck by the garbage truck. The garbage truck driver, the defendant Paul G. Troy, testified at his deposition that he stopped the truck when he heard a scream. He did not know where the plaintiff came from, and his view was obstructed by a rail on the outside of the truck.

The plaintiff subsequently commenced this action against, among others, the landlord Centro GA Cortlandt, LLC (hereinafter Centro), the tenant McDonald's Corporation (hereinafter McDonald's), and the restaurant franchisee Seventh Wong Corp. (hereinafter Wong), alleging, inter alia, that they were negligent in the ownership, maintenance, repair, inspection, design, and construction of the parking lot. Centro asserted a cross claim against McDonald's for contractual indemnification.

Centro moved, among other things, for summary judgment on its cross claim against McDonald's for contractual indemnification. In the order appealed from, the Supreme Court, inter alia, denied that branch of Centro's motion, finding that there were triable issues of fact as to whether Centro was negligent in

the happening of the accident which precluded an award of summary judgment to Centro on its cross claim against McDonald's for contractual indemnification. We reverse the order insofar as appealed from by Centro.

As Centro correctly contends, the Supreme Court erred in denying that branch of its motion which was for summary judgment on its cross claim against McDonald's for contractual indemnification. The indemnification provision in the lease between McDonald's and Centro provides that McDonald's will indemnify Centro for "any accident, injury or damage whatsoever caused to any person or property arising, directly or indirectly, out of the business conducted in the Premises or occurring in, on or about the Premises or any part thereof," except when such was a result of Centro's own negligence. The record establishes that the accident took place "in, on or about the Premises" (see generally Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153 [1977]). A phrase such as "in, on or about the Premises" is not to be read as limited in its spatial description to "in the demised premises," for then the words "or about" would have no meaning (id. at 159 [internal quotation marks omitted]). This is a phrase of art, frequently used synonymously to mean "around" or "on the outside of" (id. [internal quotation marks omitted]).

Here, there was evidence that the accident took place on the demised premises. At her deposition, the plaintiff marked on a photograph the spot where she stood prior to the accident, which showed that she was standing on the curb in a landscaped area just in front of the McDonald's building. She testified that she stepped off the curb and took three or four steps at a right angle to the curb, at which time the accident occurred.

In an affidavit submitted by Centro in support of its motion, Centro's expert Kim Vauss concluded that, based on (1) the depiction of a single light pole in the site photographs and a 1984 site plan, (2) the plaintiff's marking of her location on a photograph some distance to the right of that pole, (3) the scale of the site plan, and (4) the boundary of the demised premises as depicted on the site plan, the plaintiff was still on McDonald's premises when the accident occurred, regardless of the direction in which she stepped off the curb.

In any event, even if the accident did not take place in, on, or about the demised premises, it did arise out of the business conducted in the premises. The plaintiff was a customer of McDonald's and had just eaten in the restaurant. She was struck by a truck picking up McDonald's garbage. Consequently, Centro made a prima facie showing that the indemnification provision

was applicable. In opposition, McDonald's and Wong failed to raise a triable issue of fact on this issue.

Centro also made a prima facie showing that it was not negligent in the design or maintenance of the parking lot, and that, in any event, the parking lot merely furnished the condition or occasion for the accident, and was not a proximate cause thereof (*see Castillo v Amjack Leasing Corp.*, 84 AD3d 1298, 1298-1299 [2011]; *Comolli v 81 & 13 Cortland Assoc.*, 285 AD2d 863, 864-865 [2001]; *Vayser v Waldbaum, Inc.*, 225 AD2d 760, 761 [1996]). In opposition, McDonald's and Wong failed to raise a triable issue of fact as to whether Centro was negligent.

Accordingly, the Supreme Court should have granted that branch of Centro's motion which was for summary judgment on its cross claim against McDonald's for contractual indemnification.

In light of our determination, we need not reach Centro's remaining contention. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.