Jian Feng Zhang v Roman (2020 NY Slip Op 05192)





Jian Feng Zhang v Roman


2020 NY Slip Op 05192


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-13584
 (Index No. 502178/15)

[*1]Jian Feng Zhang, respondent, 
v
Jerry L. Roman, et al., appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Scott H. Stopnik, Patrick J. Lawless, and I. Elie Herman of counsel), for appellants.
Sim & DePaola, LLP, Bayside, NY (Sang J. Sim and Samuel C. DePaola of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernard Graham, J.), dated November 1, 2018. The order denied the defendants' motion for leave to renew their prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated September 7, 2017.
ORDERED that the order dated November 1, 2018, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle collision. The defendants moved for summary judgment dismissing the complaint, and in an order dated September 7, 2017, the Supreme Court denied their motion. Thereafter, the defendants moved for leave to renew their prior motion for summary judgment dismissing the complaint. In an order dated November 1, 2018, the court denied the defendants' motion for leave to renew. The defendants appeal.
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455; see Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927).
Here, we agree with the Supreme Court's determination denying the defendants' motion for leave to renew their prior motion for summary judgment dismissing the complaint. The alleged new facts offered by the defendants would not have changed the prior determination (see Moyal v Dewhurst, 177 AD3d 666; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852; NYCTL 1999-1 Trust v Surf Coney Is., Inc., 63 AD3d 1023).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court