SMS Fin. XXXI, LLC v Great Locations, Inc. (2020 NY Slip Op 05964)





SMS Fin. XXXI, LLC v Great Locations, Inc.


2020 NY Slip Op 05964


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-04795
 (Index No. 2396/14)

[*1]SMS Financial XXXI, LLC, respondent, 
v
Great Locations, Inc., defendant-appellant, et al., defendants; Neil Curtis, nonparty-appellant.


The Crawford Law Firm, P.C., Floral Park, NY (Mark A. Crawford of counsel), for defendant-appellant and nonparty-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Great Locations, Inc., and nonparty Neil Curtis appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered January 31, 2018. The order denied the motion of the defendant Great Locations, Inc., and nonparty Neil Curtis, in effect, for leave to reargue the prior motion of the defendant Great Locations, Inc., inter alia, to stay the foreclosure sale of the subject property and to vacate a judgment of foreclosure and sale of the same court dated October 12, 2016, which had been denied in an order of the same court dated July 20, 2017, and to grant nonparty Neil Curtis leave to intervene in the action.
ORDERED that the appeal from so much of the order entered January 31, 2018, as denied that branch of the motion of the defendant Great Locations, Inc., and nonparty Neil Curtis which was, in effect, for leave to reargue is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered January 31, 2018, is affirmed insofar as reviewed, without costs or disbursements.
This action was commenced to foreclose a mortgage on commercial premises located in Freeport, and a judgment of foreclosure and sale was issued on October 12, 2016. The defendant Great Locations, Inc. (hereinafter the defendant), subsequently filed for bankruptcy, but the resulting automatic stay was lifted on April 26, 2017, and the plaintiff was then permitted to proceed with the foreclosure sale. Subsequent to the scheduling of the foreclosure sale, the defendant moved, inter alia, to stay the foreclosure sale and to vacate the judgment of foreclosure and sale. While the motion was pending and on the day of the scheduled foreclosure sale, which in fact took place, the defendant transferred the premises to nonparty Neil Curtis. That same day, Curtis filed a bankruptcy petition. In an order dated July 20, 2017, the Supreme Court denied the defendant's motion, inter alia, to stay the foreclosure sale and to vacate the judgment of foreclosure and sale. The defendant filed a notice of appeal from the order dated July 20, 2017, but the appeal was deemed dismissed on September 5, 2018, for failure to perfect.
While the appeal was pending, the defendant and Curtis moved in the Supreme Court to "strike" certain portions of the order dated July 20, 2017, and to grant Curtis leave to intervene [*2]in the action. In an order entered January 31, 2018, the court deemed that branch of the motion which was to strike certain portions of the order dated July 20, 2017, as one for leave to reargue the prior motion resulting in that order, and denied that branch of the motion which was, in effect, for leave to reargue as untimely. The court also denied that branch of the motion which was to grant Curtis leave to intervene in the action. The defendant and Curtis appeal from the order entered January 31, 2018.
Since no appeal lies from an order denying leave to reargue, the appeal from so much of the order entered January 31, 2018, as denied that branch of the motion which was, in effect, for leave to reargue should be dismissed (see JP Morgan Chase Bank, N.A. v Smith Elec. Contr., Inc., 117 AD3d 909, 910). In any event, even if we were to deem the Supreme Court to have, in effect, granted reargument and adhered to the determination in the order dated July 20, 2017, the dismissal of the defendant's prior appeal acts as a bar to this appeal as to all issues presented on the prior appeal (see Bray v Cox, 38 NY2d 350; M.H. v Tucci, 166 AD3d 750). In addition, we agree with the court's determination to deny that branch of the motion which was to grant Curtis leave to intervene in the action (see New Hope Missionary Baptist Church, Inc. v 466 Lafayette, Ltd., 169 AD3d 811).
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court