McGowan-Amandola v Federal Realty Inv. Trust (2021 NY Slip Op 01039)





McGowan-Amandola v Federal Realty Inv. Trust


2021 NY Slip Op 01039


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05054
2017-12313
 (Index No. 1874/10)

[*1]Joan McGowan-Amandola, et al., appellants,
v
Federal Realty Investment Trust, respondent, et al., defendants.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Adam C. Calvert of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated March 27, 2017, and (2) an order of the same court dated October 24, 2017. The order dated March 27, 2017, insofar as appealed from, granted that branch of the motion of the defendant Federal Realty Investment Trust which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated October 24, 2017, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to renew their opposition to that branch of the motion of the defendant Federal Realty Investment Trust which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On November 14, 2009, the plaintiff Joan McGowan-Amandola (hereinafter the injured plaintiff) allegedly was walking across a paved area between two sidewalks in the parking lot of a shopping center when she was struck by a vehicle making a left turn. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against, among others, the defendant Federal Realty Investment Trust (hereinafter FRIT), which owned the premises. The plaintiffs alleged that FRIT negligently designed the parking lot.
FRIT moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that the parking lot was not negligently designed and that the design of the parking lot was not a proximate cause of the accident. In an order dated March 27, 2017, the Supreme Court granted FRIT's motion. The plaintiffs subsequently moved, inter alia, for leave to renew their opposition to that branch of FRIT's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In an order dated October 24, 2017, the court, among other things, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
"To sustain the burden of proving a prima facie case of proximate cause, the plaintiff in a negligence action must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" (Liquori v Brown, 172 AD3d 1354, 1355 [internal [*2]quotation marks omitted]; see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). "Although the issue of proximate cause is generally one for the finder of fact, 'liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes'" (Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298 [citation omitted], quoting Ely v Pierce, 302 AD2d 489, 489).
Here, FRIT established, prima facie, that its parking lot was not negligently designed and that any alleged negligence in the design of the parking lot was not a proximate cause of the accident (see Liquori v Brown, 172 AD3d at 1356; Pritchard v Suburban Carting Corp., 90 AD3d 729, 732; Castillo v Amjack Leasing Corp., 84 AD3d at 1299). The plaintiffs' expert affidavit submitted in opposition to FRIT's motion was insufficient to raise a triable issue of fact (see Salas v Adirondack Tr. Line, Inc., 172 AD3d 775, 776; Perrotta v Simon Prop. Group, Inc., 11 AD3d 596; Trojahn v O'Neill, 5 AD3d 472, 473). Accordingly, the Supreme Court properly granted that branch of FRIT's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Pursuant to CPLR 2221(e), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and the movant must provide a "reasonable justification for the failure to present such facts on the prior motion." "A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455; see Jian Feng Zhang v Roman, 186 AD3d 1625, 1626).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew since they failed to present new facts not offered in opposition to FRIT's summary judgment motion that would change the prior determination (see Jian Feng Zhang v Roman, 186 AD3d at 1626; Moyal v Dewhurst, 177 AD3d 666).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court