Trinkle v Orange & Rockland Utils. Inc. (2021 NY Slip Op 07289)





Trinkle v Orange & Rockland Utils. Inc.


2021 NY Slip Op 07289


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-06365
2018-14022
 (Index No. 8673/15)

[*1]Savannah Trinkle, etc., et al., appellants,
v
Orange and Rockland Utilities Incorporated, et al., respondents, et al., defendant.


Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg of counsel), for appellants.
Wilder & Linneball, LLP, Buffalo, NY (Laura A. Linneball of counsel), for respondents Orange and Rockland Utilities Incorporated and Consolidated Edison Company of New York.
Gerber Ciano Kelly Brady LLP, New York, NY (Michael Lettiero and Patrick B. Omilian of counsel), for respondent Titanic Underground Contractors Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 26, 2018, and (2) an order of the same court dated September 26, 2018. The order dated February 26, 2018, denied the plaintiffs' motion for leave to renew those branches of their prior application which were to compel certain discovery, which had been denied at a discovery conference held on September 15, 2017. The order dated September 26, 2018, insofar as appealed from, granted that branch of the motion of the defendants Orange and Rockland Utilities Incorporated and Consolidated Edison Company of New York which was for summary judgment dismissing the complaint insofar as asserted against the defendant Orange and Rockland Utilities Incorporated, and that branch of the motion of the defendant Titanic Underground Contractors Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated February 26, 2018, is affirmed; and it is further,
ORDERED that the order dated September 26, 2018, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Orange and Rockland Utilities Incorporated and Consolidated Edison Company of New York which was for summary judgment dismissing the complaint insofar as asserted against the defendant Orange and Rockland Utilities Incorporated, and that branch of the motion of the defendant Titanic Underground Contractors Corp. which was for summary judgment dismissing the complaint insofar as asserted against it are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Orange and Rockland Utilities Incorporated and the defendant Titanic Underground Contractors [*2]Corp.
The plaintiffs allege that a fire that occurred on March 1, 2015, at certain property on Commonwealth Avenue in Middletown was caused by leaking natural gas. In November 2015, the plaintiffs commenced this action against, among others, the defendants Orange and Rockland Utilities Incorporated (hereinafter O & R), Consolidated Edison Company of New York (hereinafter together the utility defendants) and Titanic Underground Contractors Corp. (hereinafter Titanic).
During a discovery conference held on September 15, 2017, the plaintiffs sought to compel discovery of post-accident repairs at other properties along Commonwealth Avenue. The Supreme Court granted the plaintiffs' application to the limited extent of ordering discovery of post-accident repairs that occurred within 10 days of the fire. The plaintiffs then moved for leave to renew those branches of their application which were to compel discovery of post-accident repairs, including those repairs that allegedly occurred at another property on Commonwealth Avenue on March 26, 2015. The court denied the plaintiffs' motion for leave to renew. The court then granted that branch of the utility defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against O & R, and that branch of Titanic's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455; see Jian Feng Zhang v Roman, 186 AD3d 1625, 1626). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Jian Feng Zhang v Roman, 186 AD3d at 1626).
Here, the Supreme Court properly denied the plaintiffs' motion for leave to renew their prior application to compel certain discovery. The alleged new facts offered by the plaintiffs would not have changed the prior determination (see Jian Feng Zhang v Roman, 186 AD3d at 1626).
The utility defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against O & R by submitting an expert affidavit and supporting evidence that demonstrated that the fire was not caused by a natural gas leak (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 44; Colon v H & B Plumbing & Heating, 305 AD2d 235, 236). Relatedly, Titanic established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that it did not create the allegedly dangerous condition (see Deitrick v Long Is. Power Auth., 164 AD3d 1302, 1303; Clarke v Brooklyn Union Gas Co., 297 AD2d 779, 780; Nichols v Agway, Inc., 280 AD2d 889, 889). However, the plaintiffs raised a triable issue of fact as to both of those defendants' liability by submitting a competing expert affidavit regarding the cause of the fire (see Speller v Sears, Roebuck & Co., 100 NY2d at 44; Sutherland v Thering Sales & Serv., Inc., 38 AD3d 967, 968; see generally Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 544). Accordingly, the Supreme Court should have denied that branch of the utility defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against O & R, and that branch of Titanic's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., BRATHWAITE NELSON, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court