Dudley-Lanier v City of New York (2022 NY Slip Op 06228)

Dudley-Lanier v City of New York

2022 NY Slip Op 06228

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-01334 
2020-01337
 (Index No. 12978/14)

[*1]Lenora Dudley-Lanier, etc., plaintiff, 
v
City of New York, et al., respondents; George Heath, nonparty-appellant.

George Heath, Brooklyn, NY, nonparty-appellant pro se.
Bamundo Zwal Schermerhorn & Caffrey LLP, New York, NY (Bartholomew T. Russo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty George Heath appeals from (1) an order of the Court of Appeals dated December 19, 2019, and (2) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 23, 2020. The order of the Court of Appeals dated December 19, 2019, dismissed the motion of nonparty George Heath for leave to appeal. The order of the Supreme Court, Kings County, dated January 23, 2020, denied the motion of nonparty George Heath, in effect, for leave to reargue and renew his prior motions for a declaratory judgment and for leave to amend the complaint, which had been denied in an order of the same court (Bernard J. Graham) dated April 10, 2018.
ORDERED that the appeal from the order of the Court of Appeals dated December 19, 2019, is dismissed; and it is further,
ORDERED that the appeal from so much of the order of the Supreme Court, Kings County, dated January 23, 2020, as denied that branch of the motion of nonparty George Heath which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
ORDERED that the order of the Supreme Court, Kings County, dated January 23, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In June 2013, Marion Dudley (hereinafter the decedent) allegedly was injured while being cared for by a home attendant employed by some or all of the defendants. George Heath, the decedent's son, acting on the decedent's behalf under a power of attorney, commenced this action against the defendants to recover damages for the decedent's personal injuries. On March 24, 2015, the decedent died, and Lenora Dudley-Lanier was thereafter appointed administrator of the decedent's estate.
Subsequently, Heath moved for leave to amend the complaint to add a cause of action alleging that he had suffered personal injuries as a result of the defendants' actions in caring for the decedent, and separately moved for a declaratory judgment. Dudley-Lanier cross-moved, on behalf of the decedent's estate, to amend the caption to substitute herself, as administrator of the decedent's estate, as the plaintiff.
In an order dated April 10, 2018, the Supreme Court, inter alia, denied both of Heath's motions and granted Dudley-Lanier's cross motion. The court denied Heath's motion for a declaratory judgment on the ground that Heath did not have standing in this action because the power of attorney held by Heath terminated upon the decedent's death. The court denied Heath's motion for leave to amend the complaint on the ground, inter alia, that the proposed amendment was palpably insufficient and patently devoid of merit.
Thereafter, Heath moved, in effect, for leave to reargue and renew his motions for a declaratory judgment and for leave to amend the complaint. In an order dated January 23, 2020, the Supreme Court denied the motion, in effect, for leave to reargue and renew as untimely. Heath appeals.
Since no appeal lies from an order denying leave to reargue, the appeal from so much of the order dated January 23, 2020, as denied that branch of Heath's motion which was, in effect, for leave to reargue must be dismissed (see SMS Fin. XXXI, LLC v Great Locations, Inc., 187 AD3d 1087; JP Morgan Chase Bank, N.A. v Smith Elec. Contr., Inc., 117 AD3d 909, 910).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). "Except where a motion to renew is based upon a change in the law, which is not the case here, CPLR 2221 does not impose a time limit for making a motion for leave to renew" (Citimortgage, Inc. v Espinal, 136 AD3d 857, 858). Therefore, the Supreme Court erred in determining that the branch of Heath's motion which was, in effect, for leave to renew was untimely. Nevertheless, Heath failed to present new facts not offered in support of his prior motions that would change the prior determination (see Jian Feng Zhang v Roman, 186 AD3d 1625, 1626; Moyal v Dewhurst, 177 AD3d 666, 667). Accordingly, the court properly denied that branch of Heath's motion which was, in effect, for leave to renew.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court