Matter of 125 Ct. St., LLC v Nicholson (2023 NY Slip Op 01188)

Matter of 125 Ct. St., LLC v Nicholson

2023 NY Slip Op 01188

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-01724
 (Index No. 63946/10)

[*1]In the Matter of 125 Court Street, LLC, appellant,
v
Yolande Nicholson, respondent-respondent, et al., respondents.

Leon I. Behar, P.C., New York, NY (Leon I. Behar and Elliott S. Martin of counsel), for appellant.
Lynn Armentrout, Brooklyn, NY, for respondent-respondent.

DECISION & ORDER
In a summary holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated December 20, 2019. The order modified an order of the Civil Court of the City of New York, Kings County (Leslie A. Stroth, J.), entered April 18, 2018, by granting that branch of the motion of the respondent Yolande Nicholson which was, in effect, for leave to renew her prior motion to vacate two so-ordered stipulations of settlement dated June 10, 2010, and July 27, 2010, respectively, and a judgment of the same court (Anthony J. Fiorella, Jr., J.) entered June 10, 2010, which prior motion had been denied in an order of the Civil Court of the City of New York, Kings County (Anthony J. Fiorella, Jr., J.) dated May 11, 2011, upon renewal, granting that respondent's prior motion, and, upon vacatur of the so-ordered stipulations of settlement and the judgment, granting that branch of that respondent's motion which was to dismiss the petition insofar as asserted against her, and remitting the matter to the Civil Court of the City of New York, Kings County, for a determination of that branch of that respondent's motion which was to be restored to possession of the subject premises, following the joinder of the new tenant in possession, if any.
ORDERED that the order dated December 20, 2019, is affirmed, with costs.
In February 2010, the petitioner, 125 Court Street, LLC, commenced this summary holdover proceeding in the Civil Court of the City of New York, Kings County, against the respondent Yolande Nicholson (hereinafter the respondent), among others, based on the respondent's alleged failure to execute a renewal lease for the subject premises. On June 10, 2010, the respondent, through counsel, entered into a so-ordered stipulation of settlement in which she admitted that she owed the petitioner $22,423.21 in rent for use and occupancy of the subject premises following the expiration of the lease and agreed to surrender the subject premises in exchange for a reduction in the amount owed. The stipulation of settlement set the rate for the respondent's use and occupancy in the amount of $3,576 per month until the agreed upon surrender of the subject premises. A judgment was entered on June 10, 2010, pursuant to the stipulation of settlement. In July 2010, the respondent moved to vacate the stipulation of settlement, asserting that it contained terms that she had not authorized. The respondent's motion was subsequently withdrawn and the parties entered into a second so-ordered stipulation of settlement dated July 27, [*2]2010. The second stipulation of settlement modified the first stipulation of settlement by, among other things, reducing the amount owed to the petitioner.
In September 2010, with new counsel, the respondent moved to vacate the stipulations of settlement and the judgment on the ground that she had inadvertently waived her right to cure the failure to renew the lease post-judgment (hereinafter the September 2010 motion). By order dated May 20, 2011, the Civil Court, inter alia, denied the motion. The respondent appealed from that order. By order dated June 13, 2014, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term) affirmed (see 125 Ct. St., LLC v Nicholson, 44 Misc 3d 128[A], 2014 NY Slip Op 50973[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
The respondent was evicted from the subject premises on July 14, 2014. On the same day, the respondent moved, among other things, to vacate the stipulations of settlement and the judgment and to be restored to possession of the subject premises on the ground that she had not received a marshal's notice. By order dated July 16, 2014, the Civil Court, inter alia, denied those branches of the motion.
Thereafter, the respondent moved, in effect, to renew the September 2010 motion, to dismiss the petition insofar as asserted against her, to be restored to possession of the subject premises, and for an award of attorneys' fees on the grounds of fraud and newly discovered evidence. In support of her motion, she submitted a letter dated June 14, 2011, from the New York City Department of Housing Preservation and Development (hereinafter HPD) to the petitioner's attorney which stated that the petitioner received a RPTL 421-a tax abatement and the rents registered by the petitioner exceeded the legal limit permitted pursuant to the abatement program. By order dated September 19, 2014, the Civil Court denied the motion on the ground that the issues raised had been previously determined on the respondent's appeal from the order dated May 20, 2011, and in the order dated July 16, 2014.
The respondent separately appealed from the orders dated July 16, 2014, and September 19, 2014, which appeals were consolidated by the Appellate Term. By order dated September 7, 2016, the Appellate Term, inter alia, reversed the order dated September 19, 2014, and remitted the matter to the Civil Court for a new determination of the respondent's motion (see 125 Ct. St., LLC v Nicholson, 52 Misc 3d 144[A], 2016 NY Slip Op 51281[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]). Upon remittal, by order entered April 18, 2018, the Civil Court, among other things, denied those branches of the respondent's motion which were, in effect, for leave to renew the September 2010 motion, to dismiss the petition insofar as asserted against her, and to be restored to possession of the subject premises. The respondent appealed.
The Appellate Term, with one Justice dissenting in part, modified the order entered April 18, 2018, by granting that branch of the respondent's motion which was, in effect, for leave to renew the September 2010 motion to vacate the stipulations of settlement and the judgment, upon renewal, granting the September 2010 motion, and, upon vacatur of the stipulations of settlement and the judgment, granting that branch of the respondent's motion which was to dismiss the petition insofar as asserted against her, and remitting the matter to the Civil Court for a determination of that branch of the respondent's motion which was to be restored to possession of the subject premises following the joinder of the new tenant in possession, if any (see 125 Ct. St., LLC v Nicholson, 67 Misc 3d 28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]). By order of the Appellate Term dated February 7, 2020, the petitioner was granted leave to appeal to this Court. We affirm.
"'A motion for leave to renew is addressed to the sound discretion of the court'" (Trinkle v Orange & Rockland Utils. Inc., 200 AD3d 988, 989, quoting Matheus v Weiss, 20 AD3d 454, 454-455). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Jian Feng Zhang v Roman, 186 AD3d 1625, 1626).
Here, the Appellate Term providently exercised its discretion in granting that branch of the respondent's motion which was, in effect, for leave to renew the September 2010 motion. The Appellate Term properly concluded that the letter from HPD to the petitioner's attorney, upon which the respondent's motion was based, constituted newly discovered evidence. The letter post-dates the September 2010 motion and the respondent did not become aware of the letter until approximately two years after she made that motion, when the letter was provided to her by a neighbor who received it as a result of a Freedom of Information Law request. Further, the new facts submitted in support of the motion were sufficient to change the prior determination denying the September 2010 motion. The newly discovered HPD letter provided the respondent with evidence that the rent requested in the renewal lease was illegal and that the petition contained material misrepresentations of fact regarding the petitioner's compliance with the rent stabilization laws.
Upon renewal, the Appellate Term properly granted the September 2010 motion to vacate the stipulations of settlement and the judgment and remitted the matter to the Civil Court. "Stipulations of settlement are favored by courts and are not to be lightly set aside" (ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676 [internal quotation marks omitted]; see Hallock v State of New York, 64 NY2d 224, 230). However, where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, a party may be relieved from the consequences of a stipulation of settlement made during litigation (see Pierot v Marom, 172 AD3d 928, 929; Bethea v Thousand, 127 AD3d 798, 799). Additionally, "[w]here both parties can be restored to substantially their former position the court, as a general rule," may relieve a party from the consequences of a stipulation, "if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (Matter of Frutiger, 29 NY2d 143, 150 [internal quotation marks omitted]; see Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 715).
Here, contrary to the petitioner's contention, it is not against public policy to vacate the stipulations of settlement, where, as here, the respondent was induced to enter into the stipulations of settlement based on material misrepresentations made by the petitioner and the petitioner does not contend that it was unaware that its representations were false. Moreover, as the use and occupancy rate stipulated to exceeded the legal regulated rent, the stipulations of settlement and the judgment, in effect, purported to waive the respondent's right to pay no more than the legal maximum rent and, thus, are void for that reason (see 9 NYCRR 2520.13; Kings Highway Realty Corp. v Riley, 35 Misc 3d 127[A], NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
Further, based on the lack of information in the record regarding the current rental status of the subject premises, the Appellate Term did not err in remitting the matter to the Civil Court for a determination of that branch of the respondent's motion which was for restoration of possession of the subject premises, following the joinder of the new tenant in possession, if any (see 467 42nd St. v Decker, 186 Misc 2d 439, 440 [App Term, 2d Dept]).
The petitioner's remaining contentions either are without merit or do not warrant reversal.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court