Cameron v Palmeri (2024 NY Slip Op 04371)

Cameron v Palmeri

2024 NY Slip Op 04371

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03387
 (Index No. 51948/20)

[*1]Michael Cameron, respondent, 
v
Anne Palmeri, etc., appellant.

Sills Cummis & Gross P.C., New York, NY (David D. Holahan of counsel), for appellant.
Glen A. Kurtis, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated February 28, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
According to the plaintiff's deposition testimony, in 2017, the plaintiff moved into a spare bedroom in the defendant's home. While living in the defendant's home, the plaintiff observed significant issues with the home's electrical system, including an outlet in his room that sparked when he touched it. Moreover, the plaintiff noticed that an outlet in the living room was severely overloaded (hereinafter the subject outlet). On January 10, 2020, the plaintiff allegedly was injured when, after seeing flames emanating from an air conditioning unit (hereinafter AC unit) that was in the window of his bedroom, the plaintiff ran into the defendant's home in an attempt to put out the fire. The plaintiff testified that he was met with flames from his bedroom. However, in a subsequent affidavit, he averred that he was injured by flames rising from the area of the subject outlet in the living room.
In February 2020, the plaintiff commenced this action against the defendant alleging, inter alia, that she was negligent in her maintenance of the electrical system in her home, and that the defendant's negligence caused the fire from which the plaintiff sustained injuries. In December 2021, the defendant moved for summary judgment dismissing the complaint. In an order dated February 28, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
In a premises liability case, a defendant can establish its prima facie entitlement to judgment as a matter of law "by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation" (Cheprakova v Medicine Plaza, Inc., 211 AD3d 1009, 1010 [internal quotation marks omitted]; see Buckstine v Schor, 213 AD3d 730, 731). However, "in order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries" (Scurry v New York City Hous. Auth., 39 NY3d 443, 453 [internal quotation marks omitted]; see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550).
Here, the defendant established her prima facie entitlement to judgment as a matter [*2]of law dismissing the complaint by submitting the reports of two fire departments, which determined that the cause of the fire was undetermined (see Trinkle v Orange & Rockland Utils. Inc., 200 AD3d 988, 989).
However, in opposition, the plaintiff raised a triable issue of fact as to the cause of the fire by submitting, inter alia, his expert's affidavit. The opinion of the plaintiff's expert as to the area of the fire origin and that the electrical wiring was the cause of the fire was amply supported by the record and was neither speculative nor conclusory (see id. at 990; Dryer v Musacchio, 117 AD3d 1115, 1121; Selmer's Petland Corp. v All Is. Heating & A.C., 224 AD2d 606, 606). That the expert's affidavit contradicted part of the plaintiff's testimony did not render the expert's affidavit speculative. Where an expert's factual conclusions partially contradict a plaintiff's deposition testimony, the expert opinion is still sufficient to defeat summary judgment where the opinion was "based upon other record evidence and [was] neither speculative nor conclusory" (Salinas v World Houseware Producing Co., Ltd., 34 NY3d 925, 926). Contrary to the defendant's contentions,"'[t]he competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject'" (Lieberman-Massoni v Massoni, 215 AD3d 663, 664, quoting Miele v American Tobacco Co., 2 AD3d 799, 802).
Further, the defendant failed to establish, prima facie, that the plaintiff's conduct was a superseding cause of his injuries. The plaintiff's decision to enter the home to put out a fire that he reasonably believed was contained to just the portion of the AC unit that was outside the home was not "so obviously fraught with danger that its very nature evidences a wanton disregard for the actor's own personal safety or well-being" (Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846 [internal quotation marks omitted]; see Lynch v Metropolitan Transp. Auth., 82 AD3d 716, 717).
In light of our determination, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court